IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL D. SHEGONEE, ) | |
|     Petitioner, ) | Case No. 7:21-cv-00162 |
| v. ) | |
| ) | |
| WARDEN STREEVAL, ) | By: Michael F. Urbanski |
|     Respondent. ) | Chief United States District Judge |

## MEMORANDUM OPINION

Paul D. Shegonee, a federal inmate proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Shegonee claims that his conviction for possession of firearms by a convicted felon is no longer valid in light of the Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). The respondent has moved to dismiss the petition for lack of jurisdiction. ECF No. 8. Upon review of the record, the court concludes that it lacks jurisdiction over the petition. Therefore, the court will grant the respondent's motion and dismiss the petition without prejudice.

## I.   BACKGROUND

On May 6, 2014, a federal grand jury in the Eastern District of Wisconsin returned a superseding indictment against Shegonee, which charged him with possession of firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and theft of firearms from a federal firearms licensee, in violation of 18 U.S.C. §§ 922(u) and 924(i). See United States v. Shegonee, No. 2:14-cr-00055, Dkt. No. 20 (E.D. Wis. May 6, 2014). The superseding indictment further alleged that Shegonee qualified as an armed career criminal under the Armed Career Criminal

Act, 18 U.S.C. § 924(e), based on prior state convictions for arson and possession with intent to distribute cocaine. Id.

The case proceeded to a jury trial in March 2015. At trial, Shegonee stipulated to the fact that he "had been convicted of a crime punishable by imprisonment for a term exceeding one year as required by [§ 922(g)(1)]." Id., Dkt. No. 67 (E.D. Wis. Mar. 17, 2015). The jury ultimately convicted Shegonee of both offenses with which he was charged. Id., Dkt. No. 70 (E.D. Wis. Mar. 17, 2015).

Shegonee appeared for sentencing on February 8, 2016. At that time, the district court concluded that Shegonee's arson convictions did not qualify as predicate offenses under the Armed Career Criminal Act. Id., Dkt. No. 107 (E.D. Wis. Feb. 8, 2016). The district court sentenced Shegonee to a total term of imprisonment of 200 months, consisting of 100 months for each count, to be served consecutively. Id., Dkt. No. 108 (E.D. Wis. Feb. 8, 2016). Shegonee did not appeal his convictions or sentence.

On January 19, 2018, Shegonee filed a motion to vacate under 28 U.S.C. § 2255. Id., Dkt. No. 116 (E.D. Wis. Jan. 12, 2018). The motion was dismissed with prejudice on July 31, 2018. See Shegonee v. United States, No. 2:18-cv-00070, Dkt. No. 6 (E.D. Wis. July 31, 2018).

In June 2019, the Supreme Court issued its decision in Rehaif v. United States, which "clarified the mens rea requirement for firearms-possession offenses, including the felon-in-possession offense" with which Shegonee was charged. Greer v. United States, 593 U.S. ___, 141 S. Ct. 2090, 2095 (2021). "In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." Id.; see also Rehaif, 139 S. Ct. at 2200 ("We conclude

that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

Shegonee is currently incarcerated at USP Lee in Pennington Gap, Virginia. In March 2021, he filed the instant petition under 28 U.S.C. § 2241. Relying on Rehaif, Shegonee argues that his conviction under § 922(g)(1) is no longer valid because the government was not required to prove that he knew he was a felon at the time he possessed the firearms. See Pet., ECF No. 1, at 10–14.

On November 3, 2021, the respondent moved to dismiss the petition for lack of jurisdiction. ECF No. 8. Shegonee has responded to the motion, ECF No. 10, and it is ripe for disposition.

## II. DISCUSSION

When a federal prisoner seeks to challenge the validity of a conviction or sentence, he ordinarily must file a motion to vacate under § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 425–426 (4th Cir. 2018). The petitioner bears the burden of demonstrating that he satisfies the savings clause requirements. See Hood v. United States, 13 F. App'x 72 (4th Cir. 2001) (finding no reversible error in the district court's conclusion that the petitioner had

"failed to satisfy his burden of demonstrating that [§ 2255] is an inadequate or ineffective means of challenging the validity of his detention").

The United States Court of Appeals for the Fourth Circuit has crafted a three-part test for determining when a federal prisoner can challenge a conviction by way of the savings clause. In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Under that test, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these prongs is not satisfied, the court may not entertain a § 2241 petition challenging the validity of a federal conviction. See Wheeler, 886 F.3d at 425.

Upon review of the record, the court concludes that Shegonee has not satisfied the second prong of the Jones test. He has not met his burden of demonstrating that Rehaif changed the substantive law such that the conduct of which he was convicted is no longer criminal. In other words, Shegonee has failed to show that he would not be convicted of violating § 922(g)(1) in light of Rehaif. See Harrison v. Streeval, No. 7:21-cv-00267, 2022 U.S. Dist. LEXIS 53200, at *10 (W.D. Va. Mar. 24, 2022) (explaining that the second prong of the Jones test "requires an assessment of the petitioner's conduct to determine whether he was

4

convicted of conduct that is no longer criminal, effectively asking whether the petitioner still could be convicted of that crime after the change in the law").

As indicated above, Rehaif clarified that a felon-in-possession charge under § 922(g)(1) requires the government to prove that the defendant "knew he was a felon when he possessed the firearm." Greer, 141 S. Ct. at 2095 (emphasis omitted). In other words, the government must prove that the defendant knew he had been convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The government's obligation in this regard is not "burdensome," however, as "knowledge can be inferred from circumstantial evidence," Rehaif, 139 S. Ct. at 2198 (internal quotation marks and citation omitted), including the defendant's criminal history. The Supreme Court's recent decision in Greer is instructive on this point:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a reasonable probability that, but for the Rehaif error, the outcome of the proceedings would have been different.

Greer, 141 S. Ct. at 2097 (internal quotation marks and citations omitted). The Supreme Court ultimately concluded that the defendants had not met their burden of showing that the Rehaif errors in their respective cases affected their substantial rights, explaining as follows:

5

> Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons. Neither defendant has ever disputed the fact of their prior convictions. At trial, Greer stipulated to the fact that he was a felon. And Gary admitted that he was a felon when he pled guilty. Importantly, on appeal, neither Greer nor Gary has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms. Therefore, Greer cannot show that, but for the Rehaif error in the jury instructions, there is a reasonable probability that a jury would have acquitted him. And Gary likewise cannot show that, but for the Rehaif error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty.

Id. at 2097–98.

Although Greer involved unpreserved Rehaif claims raised on direct appeal, the Supreme Court's reasoning "applies with equal force" to Shegonee's Rehaif claim. Harrison, 2022 U.S. Dist. LEXIS 53200, at *14; see also Wilson v. Streeval, No. 21-7455, 2022 U.S. App. LEXIS 9885, at *2 (4th Cir. Apr. 1, 2022) ("In light of the Supreme Court's decision in [Greer], we discern no error in the district court's ruling that Wilson could not satisfy . . . the In re Jones standard."); Mann v. Young, No. 20-7548, 2022 U.S. App. LEXIS 5062, *2 (4th Cir. Feb. 4, 2022) ("[F]ollowing [Greer], we find no reversible error in the district court's conclusion that it lacked jurisdiction to consider Mann's § 2241 petition."). As in Greer, Shegonee stipulated to the fact that he was a felon at trial, and the record establishes that he had been convicted of multiple felony offenses at the time he possessed the firearms charged in the superseding indictment. In fact, Shegonee had two prior state convictions for possession of a firearm by a felon, and he received a sentence exceeding one year for each of those convictions. See Presentence Report ("PSR"), ECF No. 8-2, at ¶¶ 48, 49. His prior felon-in-

6

possession convictions "in and of [themselves] placed [him] on notice of his felon status." United States v. Woodberry, No. 18-4472, 2022 U.S. App. LEXIS 1316, at *2 (4th Cir. Jan. 18, 2022) (citing United States v. Benamor, 937 F.3d 1182, 1189 (9th Cir. 2019)). Additionally, Shegonee received—and actually served—sentences longer than a year for other prior felony convictions, including convictions for theft, possession with intent to distribute cocaine, arson, and witness intimidation. See PSR ¶¶ 40, 43–47. This evidence, considered collectively, makes it "virtually impossible to believe" that Shegonee did not know he had been convicted of a felony. United States v. Caldwell, 7 F.4th 191, 213 (4th Cir. 2021) (reaching the same conclusion on direct appeal where the defendant "stipulated at trial to having had [a felony] conviction" and "had, on several occasions, served sentences longer than a year").

Additionally, other evidence in the record indicates that Shegonee knew he had been convicted of a felony at the time he possessed the firearms. According to his presentence report, Shegonee and an accomplice stopped at a Wal-Mart to purchase ammunition after stealing firearms from a federally licensed dealer. PSR ¶ 8. The accomplice purchased the ammunition with money provided by Shegonee because Shegonee "was concerned the Wal-Mart would not sell him the ammunition due to his criminal record." Id. ¶ 10. Evidence that Shegonee was aware that his criminal record might prevent him from lawfully purchasing ammunition also suggests that Shegonee had knowledge of the fact that he had been convicted of a felony. See, e.g., United States v. Maez, 960 F.3d 949, 967 (7th Cir. 2020) ("Although § 922(g) requires that the government prove only knowledge of prohibited status, not knowledge of the prohibition itself, facts suggesting the defendant knew that he could not lawfully possess firearms point toward knowledge of his status [as a felon].") (internal citation

7

omitted). And, as in Greer, Shegonee does not argue or suggest that he would have presented evidence at trial that he lacked knowledge of his status as a felon at the time he possessed the firearms. See Greer, 141 S. Ct. at 2098.

Based on the foregoing, the court concludes that Shegonee has failed to demonstrate that the conduct of which he was convicted is no longer criminal in light of Rehaif. Because Shegonee has not satisfied the second prong of the Jones test, the court lacks jurisdiction over his petition.

### III. CONCLUSION

For the reasons stated herein, the court concludes that Shegonee cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of § 2255. Therefore, the court **GRANTS** the respondent's motion to dismiss and **DISMISSES** Shegonee's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: May 2, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.05.02 15:12:02 -04'00'

Michael F. Urbanski
Chief United States District Judge